# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# Beckley Division

**BRIAN SIZEMORE and**
**MICHELLE SIZEMORE,**
    **Plaintiffs,**

**v.**                                       **Case No.:**  5:24-cv-00343

**DOLLAR TREE STORES, INC.**
    **Defendant.**

## COMPLAINT

For their complaint against the defendants, the plaintiffs, Brian Sizemore and Michelle Sizemore herein allege:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiffs Brian and Michelle Sizemore are West Virginia citizens and residents who reside at 206 Hawthorne Street, Beckley, Raleigh County, West Virginia. Plaintiff Brian Sizemore was seriously injured as a result of a slip and fall at a Dollar Tree Store in Beckley, West Virginia.

2.    Defendant, Dollar Tree Stores Inc. ("Dollar Tree") is a Virginia corporation with its principal place of business being located at 500 Volvo Parkway, Chesapeake, Virginia. Dollar Tree operates stores nationwide, including the subject store located at 31 Bypass Plaza Shopping Center in Beckley, West Virginia. Dollar Tree is engaged in the business of low-cost retail sales and thousands of invitee-customers shop in Dollar Tree stores every day. As such, Dollar Tree is bound with a duty to use reasonable care to either warn of or make safe all known hazards, or hazards which should have been known by store employees.

1

3. Jurisdiction is appropriate in the United States District Court for the Southern District of West Virginia under 28 U.S.C. § 1332 because the parties to this action are diverse and because the amount in controversy exceeds the jurisdictional threshold of $75,000.

4. Venue is appropriate in the United States District Court for the Southern District of West Virginia, Beckley Division under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in the territory encompassing the Beckley Division of the Southern District of West Virginia.

**FACTS**

5. Plaintiff Brian Sizemore was at all times relevant, a contractor for Lowe's and other businesses to clean their floors at night and was a waiter at Texas Roadhouse during the day.

6. In between his shifts, Brian Sizemore would often frequent the subject Dollar Tree store in the Beckley Bypass Plaza as a customer-invitee.

7. Upon information and belief, prior to the subject incident that occurred on June 25, 2024, one or more Dollar Tree employees used the store's restroom as a break area.

8. Upon information and belief, on at least one occasion, a store employee took a break in the bathroom, bringing with them a snack cake, a 1-liter Mountain Dew soda bottle, and their employee ID with them. After their break, he or she left these items on the edge of a small sink in the bathroom.

9. The Mountain Dew bottle fell from the sink and onto the floor. Since the cap was not tightened, Mountain Dew soda leaked onto the bathroom floor.

10. On June 25, 2024, Plaintiff went to the subject Dollar Tree store to buy a bandage for his dog's tail. Prior to shopping, Plaintiff went to the bathroom.

11. As Plaintiff walked in, a trash can covered his view of the Mountain Dew bottle. Plaintiff also was not looking down as he walked toward the toilet, so he failed to notice the Mountain Dew on the floor that had shoe marks over it since it had been there so long.

12. Suddenly, Plaintiff slipped and fell over the Mountain Dew on the floor. Plaintiff hit his head and left arm on the door before falling to the ground. His head bounced off the hard surface ground.

13. As soon as Plaintiff began to get up, he became light-headed and dizzy. He proceeded to throw up in the toilet, likely all as a result of the blunt collision to his head caused from the Mountain Dew on the floor.

14. After collecting himself, Plaintiff came out of the bathroom to alert an employee of the incident and the mess that was left on the floor of the bathroom.

15. Plaintiff found a female employee in one of the aisles closest to the bathroom. After telling this employee of the incident and the mess, the employee stated that she was not a regular employee of the store and was just assisting due to the store being understaffed.

16. The employee also stated that since she was a guest employee of the store, her job was to restock the shelves, and that it was not her responsibility to clean the store's restrooms.

17. Plaintiff again requested that the bathroom be cleaned, and the employee spoke to one of the cashiers to him he/she clean the bathrooms.

18. Upon speaking with a cashier, it was revealed that at least two other people had spoken to the cashier about cleaning the men's bathroom.

19. Even between the two employees that knew of this incident, the men's bathroom was never cleaned while Plaintiff was on the premises. Instead, the employees put an "out of order" sign on the door along with a wet floor sign.

20.     That night, Plaintiff's headache became progressively worse. At the request of Plaintiff Michelle Sizemore, Brian Sizemore's wife, he went to Appalachian Regional Hospital.

21.     While at the hospital, it was discovered that Plaintiff suffered a concussion, two broken wrists, and a dislocated pinky finger. Plaintiff has been forced to wear casts on both arms since the incident and has been engaged in further treatment from a chiropractor, a neurologist, and other specialists.





22.     The following day, Plaintiff Michelle Sizemore, Brian Sizemore's wife, came to the store to take pictures of the scene.

23.     At that time, the mess had been cleaned, but the liter Mountain Dew bottle and paper towels could still be seen from the trash can of the bathroom, from where store employees had cleaned the store. Even then, the bathroom was left in an unclean state.





24. Since the incident, Plaintiff Brian Sizemore has been unable to work at his job cleaning the floors at Lowe's. The incident has also jeopardized his work at Texas Roadhouse because he is unable to hold plates in both hands.

25. Plaintiff has also been unable to operate food trucks that he and his wife manage on their off days for special occasions.

26. As a direct and proximate result of the actions, omissions and conduct of the defendants, on and prior to June 25, 2024, Plaintiff Brian Sizemore, sustained severe and disabling injuries described herein, and he has further sustained the following past and future damages:

    a.    extreme physical pain and suffering;

    b.    extreme mental anguish and suffering;

    c.    permanent physical impairment;

    d.    lost wages;

    e.    lost earnings from his food truck business;

    f.    loss of future earning capacity and benefits;

    g.    loss of capacity to enjoy life;

    h.    medical expenses past and future;

    i.    permanent scarring and disfigurement; and

    j.    annoyance and inconvenience.

## COUNT I
### NEGLIGENCE – PREMISES LIABILITY
### Dollar Tree Stores, Inc.

27. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 25 of this Complaint.

28. The Defendant, the Dollar Tree, owes a duty of care to invitees to its stores, including all customers that frequent its stores, to warn or make safe of known dangerous conditions, or dangerous conditions that could reasonably have been discovered by the Dollar Tree if it had used reasonable care.

29. Included in its duty of care, the Dollar Tree's own "Health and Safety Policy" states that its associates are responsible for:

- Exercising maximum care and good judgment in all work activities to prevent accidents and injuries.

30. The Defendant, the Dollar Tree breached its duty of care by failing to warn or make safe the known (both actually and constructively) dangerous condition of the spilled Mountain Dew in the men's bathroom of the subject Dollar Tree store at the Beckley By Pass Plaza.

31. Even after the subject incident, the Dollar Tree continued to breach its duty of care through its employees, which refused to make the dangerous condition safe by cleaning the men's bathroom.

32. As a direct and proximate result of the Dollar Tree's acts, omissions and other conduct referenced herein, on June 25, 2024, Plaintiff Brian Sizemore sustained the severe and permanent injuries and damages described herein. Plaintiff Brian Sizemore's injuries are compensable under West Virginia tort law.

## COUNT II
## LOSS OF CONSORTIUM
## Dollar Tree Stores, Inc.

33. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 31 of this Complaint.

34. As a further direct and proximate result of the conduct and actions of the defendants as described herein, the Plaintiff, Michelle Sizemore has been deprived of the loss of society, companionship, and consortium of her husband, Brian Sizemore.

**WHEREFORE**, the plaintiffs, Brian and Michelle Sizemore, demand judgment against the Dollar Tree, for:

a.) an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.) costs and attorney fees expended in prosecution of this matter;

c.) non-compensatory damages including pain and suffering;

d.) punitive damages given the egregious conduct and/or omissions of the Dollar Tree;

e.) pre-judgment and post-judgment interest as provided under the law; and

f.) any and all other relief to which the Court deems plaintiff is entitled.

**PLAINTIFFS DEMAND A JURY TRIAL.**

        **BRIAN SIZEMORE and**
        **MICHELLE SIZEMORE,**
        **Plaintiffs,**
        *by Counsel*

*/s/ Jacob N. Snuffer*
Jacob N. Snuffer (WVSB#14484)
The Law Office of Todd A. Kirby, P.C. (Predecessor to Snuffer Law, P.C.)
316 N. Kanawha Street
Beckley, West Virginia
(304) 860-1907
jacob@snufferlaw.com